**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**INSURASOURCE, INC.**                                                           **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 2:11-CV-48-KS-MTP**

**THE HANOVER INSURANCE COMPANY**                              **DEFENDANT**

**O<u>RDER</u>**

For the reasons stated below, the Court **denies** Defendant's Motion for Summary Judgment [22].

Plaintiff is a Mississippi corporation that finances insurance premiums. Plaintiff alleges that V & M Sand and Stone ("V & M") entered into a insurance premium finance agreement with it, pursuant to which Plaintiff financed a portion of V & M's premium payment for a commercial auto policy from Defendant, acquired through Defendant's purported agent, John A. Rocco. Under the terms of the finance agreement, V & M was required to make regular monthly payments to Plaintiff. V& M granted Plaintiff a security interest in any unearned premiums that may be refunded upon cancellation of the policy, and V & M granted Plaintiff power of attorney with respect to cancellation of the policy. Therefore, if V & M defaulted on its obligations to Plaintiff, Plaintiff could cancel V & M's policy with Defendant and collect the unearned premiums. Plaintiff alleges that it provided Defendant with notice of the finance agreement, the power of attorney, and the purported security interest in V & M's unearned premiums. Plaintiff further alleges that after V & M defaulted on its obligation, Plaintiff sent a notice of cancellation to Rocco. Defendant has not remitted  the unearned premium to Plaintiff. Therefore, Plaintiff filed this action.

In response, Defendant alleges that it never issued a policy to V & M, and that it had no knowledge whatsoever of Plaintiff's transaction with V & M until it received notice of the present action. According to Defendant, Rocco is not its agent, and he had no actual or apparent authority to bind it. Defendant alleges that Rocco has been accused of various malfeasances by the New Jersey Department of Banking and Insurance, including obtaining premium financing without authorization from insureds and retention of premium financing for personal use.

It is apparent to the Court that there are a number of factual disputes in this matter, but none of them are relevant to Defendant's Motion for Summary Judgment. Defendant advanced a single argument: that Plaintiff's insurance premium finance agreement with V & M is void because Plaintiff failed to obtain a license to operate an insurance premium financing business in accordance with New Jersey law. In response, Plaintiff argues that it was not required to obtain a license. Plaintiff is correct.

New Jersey's Insurance Premium Finance Company Act (the "Act") provides: "No person shall engage in the business of financing insurance premiums in this State without first having obtained a license as a premium finance company from the Commissioner of Banking and Insurance . . . ." N.J. STAT. ANN. § 17:16D-4 (West 2011). However, the Act does not apply to "federal associations, as defined in [§ 17:12B-5]." N.J. STAT. ANN. § 17:16D-3 (West 2011). Section 17:12B-5 defines a "federal association" as a savings and loan association organized under the Home Owners' Loan Act of 1933 ("HOLA") or "any subsequent Act of Congress." N.J. STAT. ANN. § 17:12B-5(2) (West 2011).

It is undisputed that Grand Bank for Savings fsb ("Grand Bank") owns all of Plaintiff's outstanding shares, and that Grand Bank exercises exclusive operating control of Plaintiff. Grand

2

Bank is a federal savings association chartered under HOLA. Therefore, the Act does not apply to Plaintiff. Accordingly, Defendant's Motion for Summary Judgment [22] is **denied**.

     SO ORDERED AND ADJUDGED this 12th day of September 2011.

            *s/Keith Starrett*
            UNITED STATES DISTRICT JUDGE